
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL WINGO,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 04-71558
(Criminal Case No. 91-80936)
Honorable Patrick J. Duggan

_____/

## **ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_____.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On April 26, 2004, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Petitioner subsequently filed a motion to amend his request to add an additional ground in support of his § 2255 motion. In all, Petitioner raised ten primary challenges to his conviction and sentence. In an Opinion and Order issued on January 31, 2005, this Court denied Petitioner's § 2255 motion as to all grounds but one– his claim that he was denied effective assistance of counsel because his attorney was absent during certain debriefing sessions with the Government. The Court held that Petitioner is entitled to an evidentiary hearing as to that

claim. Petitioner filed a motion for reconsideration on February 18, 2005, challenging the Court's dismissal of his remaining claims.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.*

In his Motion for Reconsideration, Petitioner "identifies" specific areas in which he believes the Court committed "palpable error" in its Opinion and Order of January 31, 2005. For the most part, Petitioner simply is re-arguing issues presented in the original petition. In some areas, Petitioner is misconstruing the Court's Opinion; in other areas, he appears to be presenting arguments different than those presented in the original petition.

Having carefully reviewed Petitioner's Motion for Reconsideration and the Government's Response to such motion, the Court is satisfied that the original Opinion and Order does not contain any "palpable error" warranting a different decision on any of the issues presented by Petitioner, with the exception of the issue Petitioner identifies as Ground I(b) as to his counsel's absence during plea negotiations. The Court acknowledges that it failed to address Petitioner's assertion that he was denied effective assistance of counsel when his attorney was absent during negotiations between Petitioner

and Assistant U.S. Attorney Ronald Waterstreet in September 1993.  *See* Mot. for Recons. at 4.  The Court overlooked this "claim" because it only was raised briefly in a footnote at page 8 of the Petition.  Because Petitioner provides no specific dates or details about these alleged negotiations in 1993, the Court is not presently persuaded that Petitioner has met his burden of proving that his counsel's performance was deficient due to his absence. However, because the Court has granted Petitioner's request for an evidentiary hearing with respect to the "Kastigar" issue, the Court will allow Petitioner to address his claim of ineffective assistance of counsel with respect to the plea negotiations at that hearing.

In all other respects, Petitioner's Motion for Reconsideration is **DENIED.**

**SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Karl Wingo, #15451-039
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

AUSA Wayne Pratt

Joan Morgan