UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL WINGO,

       Petitioner,

v.

       Case No. 04-71558
       (Criminal Case No. 91-80936-12)
       Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

       Respondent.
_____/

## OPINION AND ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION FOR RECONSIDERATION

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, _____.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On November 27, 2006, this Court issued an opinion and order granting Petitioner's motion filed under 28 U.S.C. § 2255, with respect to his July 1992 conviction for engaging in a continuing criminal enterprise. The Court concluded in its opinion and order that Petitioner's counsel's failure to adequately explain the terms of a debriefing agreement (the "*Kastigar* letter") to Petitioner and his failure to attend debriefing sessions between Petitioner and government agents in 1992, "'fell below an objective standard of reasonableness,' as measured by 'prevailing professional norms.'" *Rickman v. Bell*, 131 F.3d 1150, 1154 (6th Cir. 1997)(quoting *Strickland v. Washington*, 466 U.S. 666, 687-88, 104 S. Ct. 2052, 2064-65 (1984)). The Court further concluded that Petitioner suffered prejudice as a result of his counsel's deficient performance. Presently before the Court is the government's motion for reconsideration, filed

December 11, 2006.

In its motion for reconsideration, the government asserts that the Court committed the following palpable defects in its November 27 opinion and order:

> I.   Petitioner has not met the heavy burden of establishing "cause" for failing to raise in a pretrial motion or at trial the "Fifth Amendment claim upon which the Court has granted relief."
>
> II.  The Court's remedy of re-writing the *Kastigar* letter, excluding live witness testimony, and assuming "prejudice" without an evidentiary hearing to prove that the government's case was derived from the Petitioner's debriefing, requires a rehearing.
>
> III. The Court's finding that the Petitioner's testimony was credible is based on the erroneous premise that he has been consistent in his version of the facts and that he had no motive to falsify evidence before he filed his § 2255 petition.

On December 13, 2006, this Court issued a notice informing the parties that it would permit Petitioner to submit a response to the motion for reconsideration, if he wanted to respond. Petitioner filed a response on December 15, 2006.

Local Rule 7.1(g) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. *Id.* A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id.* In addition, courts *generally* do not consider arguments and previously available evidence presented for the first time in a motion for reconsideration. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *United States v. Allen*, – F. Supp.

2d – , 2006 WL 2056499, at *1 (E.D. Mich. July 20, 2006).

The government's first argument lacks merit because Petitioner's claim– and the claim on which the Court's opinion rests– is not a Fifth Amendment claim. Instead, this Court vacated Petitioner's continuing criminal enterprise ("CCE") conviction based on its finding that (1) Petitioner's counsel's performance was deficient with respect to Petitioner's 1992 debriefing with government agents; and (2) as a result, Petitioner suffered prejudice in that he provided statements during the debriefing sessions which led Michael Zajac to testify against him at trial.[1] The Supreme Court has held that claims of ineffective assistance of counsel first raised in a Section 2255 motion are not subject to procedural default because they were not raised at trial or on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 1694 (2003).

The Court also is not persuaded that it erred in finding Petitioner credible, as the Government contends in its third argument in support of its motion for reconsideration. For the reasons set forth at length in the November 27 opinion and order, the Court continues to believe Petitioner's testimony that his counsel failed to explain or to accurately explain the terms of the government's *Kastigar* letter to him and that

---

[1]Contrary to the government's assertion, this was not a new legal theory raised by the Court and not briefed by the parties. In the Section 2255 motion Petitioner filed on April 26, 2004, and in his supplemental motion following the evidentiary hearing, Petitioner specifically asserted that he received ineffective assistance of counsel because his counsel failed to explain the government's *Kastigar* letter before he signed it and was not present at his meetings with government agents. See 04/26/04 Br. in Supp. of Mot. at 6-8; 1/19/06 Supplemental Br. in Supp. of Mot. at 4. Petitioner further asserted that four individuals (Michael Zajac, Carnell Perry, Joann Person, and Terry Harris) were induced or coerced to testify against him based on the information Petitioner provided to the government during his debriefing sessions. See 4/26/04 Br. in Supp. of Mot. at 7; Supplemental Br. in Supp. of Mot. at 4.

3

Petitioner believed, when he signed the letter, that anything he said during the debriefing sessions could not be used against him and that he believed he had a firm plea offer of ten to fifteen years imprisonment from the government if he told the truth during the debriefing sessions.  The Court is not convinced otherwise by the government's arguments.[2]

The government's second argument, however, causes the Court to reconsider the decision it reached in its November 27 opinion and order.  The government contends that it has been deprived of the opportunity to address what the appropriate remedy should be for the violation found by the Court.  The government argues that the Court's remedy– which it views as the total exclusion of the testimony of the four witnesses who Petitioner claims were unknown to the government but for his debriefing statements– was an inappropriate remedy.  The government further argues that its agents in fact were aware of these four individuals and their drug activities with Petitioner from sources other than Petitioner and that it can show that these individuals'

---

[2]For example, the Court finds no support for the government's assertion that Petitioner argued prior to his trial that the *text* of the letter prohibited derivative use of his debriefing statement, thereby indicating– contrary to his testimony at the evidentiary hearing– that he read the letter before signing it.  Arthur Weiss, Petitioner's counsel who filed the pretrial motion requesting an evidentiary hearing, only told the Court that he filed the motion based on Petitioner's *understanding* of his agreement with the government.  *See* Mot. for Recons. Ex. 1 at 3-4.  Neither Petitioner nor Weiss indicated that Petitioner's understanding of the agreement was based on Petitioner's *reading* of the *Kastigar* letter.  In fact it appears from the transcript of the motion hearing held on May 8, 1992, that Weiss only became aware of the letter's existence the morning of the hearing.  *See id.* at 4.  At the pretrial motion hearing, Petitioner only asserted that his attorney was never present during his debriefing, that his attorney told him to sign the papers because he was very good friends with the prosecutor, and that he signed the paper for that reason.  *See id.* at 6.  There is no evidence that Petitioner told Weiss or the Court that he read the letter or that Weiss or anyone else ever asked Petitioner whether he read the letter.

cooperation with the government was not the "fruit" of Petitioner's debriefing statements. The government proffers that none of these individuals testified out of fear of being prosecuted based on Petitioner's debriefing statements.

The Court believes that the government had the opportunity to respond to Petitioner's assertions of prejudice– which he clearly presented in his initial pleading in support of his Section 2255 motion, in his subsequent pleadings, and during his testimony at the evidentiary hearing. *See, e.g.,* 4/26/04 Br. in Supp. of Mot. at 7; 11/15/05 Tr. at 118. For whatever reason, however, the government simply failed to do so. It only is now, in its motion for reconsideration, that the government contends that it can show that the four individuals– Michael Zajac, Joann Person, Carnell Perry, and Tirrell Harris– did not testify because they learned that Petitioner had "done spilled the beans." As indicated previously, courts generally do not consider previously available arguments and evidence that are presented for the first time in a motion for reconsideration. The Court believes, however, that the circumstances of this case call for an exception to the general rule.

First, the primary focus in both parties' pleadings and at the evidentiary hearing was whether Petitioner's counsel performed deficiently. Additionally, Petitioner's foremost argument with respect to prejudice– to which the government did respond– was that prejudice was presumed under *United States v. Cronic*, 466 U.S. 648, 659, 104 S. Ct. 2039, 2047 (1984), due to his counsel's absence at a "critical stage" of the proceedings. For these reasons, the Court does not find completely unreasonable the government's previous failure to address *Strickland's* prejudice prong. Third, the government's total silence with respect to its agents' knowledge of Zajac, Perry, Person,

5

and Harris prior to Petitioner's debriefing sessions leads this Court to believe that the government anticipated that it would have an opportunity, if necessary, to present evidence regarding this prong of *Strickland's* two-part test. Finally, the Court does not believe that justice is served by setting aside Petitioner's CCE conviction when the government– had it realized that it was expected to do so at the time– would have demonstrated that its agents were awaren of Petitioner's involvement in drug activities with Zajac and that Zajac's testimony was not procured as a result of Petitioner's statements at his debriefing sessions.[3]

In fact, the government establishes in the evidence attached to its motion for reconsideration that its agents knew about Zajac's involvement in drug activities with Petitioner prior to February 13, 1992– the date of Petitioner's first debriefing session with government agents.  For example, Officer Boike testified at Petitioner's and Zajac's November 13, 1991 detention hearings regarding telephone conversations between Petitioner and Zajac obtained through wiretaps in which Petitioner and Zajac discussed drug deals.  *See* Mot. for Recons., Ex. 2 at 22-23. & Ex. 6 at 24-28.  While the government has not submitted evidence to contradict Petitioner's testimony that Zajac told him that "he might as well get aboard too" as Petitioner "done spilled the beans on him," *see* 11/15/05 Tr. at 118, the government asserts that it can show that Zajac did not testify out of fear of being prosecuted based on Petitioner's debriefing statements.  *See* Mot. for Recons. at 9.  The Court will grant the government the opportunity to

---

[3]As the Court indicated in its November 27, 2006 opinion and order, of the four individuals Petitioner identified, it only was Zajac's testimony that, with reasonable probability, had a substantial and injurious effect on the outcome of the proceedings. *See* 11/27/06 Op. and Order at 23.

present such proof.

Accordingly, the Court grants the motion for reconsideration filed by the United States of America and schedules an evidentiary hearing at 2:45 p.m. on March 14, 2007, to address whether Petitioner suffered prejudice as a result of the deficiency of his counsel's performance, as identified in the Court's November 27, 2006 opinion and order.

**SO ORDERED**.

                                                  s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Joan Ellerbusch Morgan, Esq.
AUSA Wayne Pratt