UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL WINGO,

    Petitioner,

v.                                                                   Criminal Case No. 91-80936
                                                                         Civil Case No. 04-71558

UNITED STATES OF AMERICA,            Honorable Patrick J. Duggan

    Respondent.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART CERTIFICATE OF APPEALABILITY

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September 12, 2007.

PRESENT:      THE HONORABLE PATRICK J. DUGGAN
                         U.S. DISTRICT COURT JUDGE

In 2004, Petitioner Karl Wingo filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. This Court denied Petitioner's motion *in toto* on August 29, 2007. Petitioner has filed a timely notice of appeal. He therefore filed a motion on September 6, 2007, seeking a certificate of appealability from this Court pursuant to 28 U.S.C. § 2253(c).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the Supreme Court has stated:

> "... the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 3394 n.4 (1983) (quoting *Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980))(emphasis added and internal citation and quotation marks omitted). As the Supreme Court more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000).

Petitioner raised no less than ten claims in support of his Section 2255 motion. This Court denied most of Petitioner's claims on the merits, without an evidentiary hearing, in an opinion and order dated January 31, 2005. Following evidentiary hearings, this Court denied Petitioner's remaining claim on the merits in an opinion and order dated August 29, 2007. While the Court continues to believe that Petitioner is not entitled to relief for the reasons set forth in its previous opinions, the Court believes that Petitioner's claim that he received ineffective assistance of counsel due to his attorney's absence at debriefing sessions with government agents may be "debatable among jurists of reason." For this reason, the Court does not believe that Petitioner should be denied the opportunity to seek appellate review of that issue. Nonetheless, the Court does not find

the remaining issues raised in Petitioner's Section 2255 motion debatable among jurists of reason.

Accordingly, the Court holds that Petitioner is entitled to a certificate of appealability with respect to the following issue, only:

> (1) Whether Petitioner's Sixth Amendment right to effective assistance of trial counsel was violated when his trial counsel was absent during debriefing sessions with government agents.

**IT IS SO ORDERED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Joan Ellerbusch Morgan, Esq.
AUSA David Gardey
AUSA Wayne Pratt
AUSA Ronald Waterstreet