UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                        Criminal Case No. 91-80936-12
                                        Honorable Patrick J. Duggan

KARL WINGO,

        Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR
REDUCTION OF SENTENCE PURSUANT TO CRACK GUIDELINE
AMENDMENTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on October 26, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

In 1992, a jury convicted Defendant of the following eighteen counts: one count of conspiracy to possess with intent to distribute cocaine and heroin; one count of engaging in a continuing criminal enterprise ("CCE"); two counts of aiding and abetting in the distribution of a controlled substance; one count of possession with intent to distribute a controlled substance; two counts of using a firearm in drug trafficking; one count of possession of a firearm with an obliterated serial number; eight counts of money laundering; and two counts of unlawful use of a telephone. On February 2, 1993, this Court sentenced Defendant to a term of imprisonment of 540 months. Defendant appealed his conviction, resulting in the dismissal of his convictions for one count of

conspiracy and two counts of using a firearm in drug trafficking. This Court re-sentenced Defendant to a term of imprisonment of 360 months on September 18, 1997. Again, Defendant appealed and the Sixth Circuit remanded for resentencing. This Court re-sentenced Defendant on May 9, 2001, again imposing a term of imprisonment of 360 months. The Sixth Circuit affirmed the Court's sentence on September 9, 2003. *United States v. Wingo*, 76 Fed. App'x 30 (6th Cir. 2003) (unpublished).

Presently before the Court is Defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline ("U.S.S.G.") § 1B1.10. This motion has been fully briefed. For the reasons that follow, the Court denies Defendant's motion.

18 U.S.C. § 3582(c) sets forth three limited circumstances where a district court is authorized to modify a defendant's sentence. Beyond the circumstances enumerated in the statute, the Court may not modify a term of imprisonment. *See* 18 U.S.C. § 3582(c). As relevant to the pending motion, subsection (c)(2) of the statute provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The Sentencing Commission has lowered the sentencing range for convictions involving crack cocaine. Nevertheless, U.S.S.G. § 1B1.10 indicates that a

reduction in this case is not consistent with Sentencing Commission's Policy Statement.

Section 1B1.10 sets forth the Sentencing Commission's Policy Statement with respect to reductions in a defendant's term of imprisonment as a result of an amended guideline range: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if– . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 3B1.10(a)(2). The Sentencing Guideline further provides:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.

U.S.S.G. § 1B1.10(b)(1). At his sentencing and re-sentencing, Defendant knowingly and voluntarily waived a hearing with respect to drug quantity and agreed to a specific offense level– 38. (*See* Govt.'s Resp. Ex. 1 at 2-6 (1993 sentencing), Ex. 2 at 3 (1997 re-sentencing), Ex. 3 at 17 (2001 re-sentencing).) In exchange, the Government withdrew its arguments that an enhancement was warranted for obstruction of justice and that Defendant was not entitled to a reduction for acceptance of responsibility. (*See, e.g., id.*, Ex. 1 at 2-4.) Because Defendant's sentence was based on an offense level that was agreed to by Defendant and the Government and not the actual quantity of any crack cocaine found to be attributable to Defendant, it was not "based on a sentencing range

3

that has subsequently been lowered by the Sentencing Commission . . ."[1]

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reduction of Sentence Pursuant to Crack Guideline Amendments is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA Wayne F. Pratt
David C. Tholen, Esq.

---

[1] Because the offense level used to calculate the applicable guideline range was based on an agreement between Defendant and the Government and no determination ever was made regarding the quantity of the various drugs attributable to Defendant, this Court cannot find, as the Government argues, that Defendant's sentencing range would be unchanged if the offense involved only the other controlled substances (i.e., the non-crack cocaine substances). In other words, the Court cannot conclude at this time that the drug amounts not based on crack cocaine that the Government claims are attributable to Defendant (i.e., 51,421.997 kilograms of marijuana equivalent) should be used to calculate his offense level and would result in the offense level remaining the same.