UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                            Criminal Case No. 91-80936-12
                            Honorable Patrick J. Duggan

KARL WINGO,

      Defendant.
                                          /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO CRACK GUIDELINE AMENDMENTS**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on  November 30, 2009.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

This matter presently is before the Court on Defendant Karl Wingo's motion for reconsideration of this Court's October 26, 2009 opinion and order denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline § 1B1.10.  Defendant filed his motion for reconsideration on November 5, 2009.  This Court issued a notice on November 8, 2009, informing the parties that it would permit the Government to file a response to the motion, if it wished to do so.  The Government filed a response on November 19, 2009.  For the reasons that follow, the Court now denies Defendant's motion.

Defendant seeks reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(g). According to this rule, a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(g)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*. Defendant fails to identify a "palpable defect" in the Court's October 26, 2009 decision and merely raises the same arguments that he asserted in his original motion.

Defendant's sentence was not based on the actual quantity of crack cocaine found to be attributable to Defendant. Rather, his sentence was based on an offense level that was agreed to by Defendant and the Government. The parties stipulated to an offense level of 38; in exchange, the Government withdrew its arguments for an enhancement for obstruction of justice and against a reduction for acceptance of responsibility. The fact that Defendant and the Government may have considered the quantity of crack cocaine attributable to Defendant in agreeing to the offense level does not mean that Defendant is entitled to a reduction in his sentence as a result of the lowering of the sentencing range for convictions involving crack cocaine. *See United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004); *United States v. Sanchez*, 562 F.3d 275 (3d Cir. 2009).

The Court therefore continues to hold that Defendant's sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). As such, he is not entitled to a reduction of his sentence.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reconsideration is **DENIED**.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA Wayne F. Pratt
David C. Tholen, Esq.