UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Criminal Case No. 91-80936-12
                                    Honorable Patrick J. Duggan

KARL WINGO,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL ANSWER TO MOTION FOR RESENTENCING AND TO AMEND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 15(a)**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on  January 27, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

This matter presently is before the Court on Defendant Karl Wingo's Motion to Compel Answer to Motion for Resentencing and to Amend Pursuant to Federal Rules of Civil Procedure 15(a), filed January 5, 2010.  In this motion, Defendant asks the Court to rule on his December 11, 2006 motion for resentencing, which he filed after the Court issued its November 27, 2006 opinion and order vacating his continuing criminal enterprise ("CCE") conviction.  Defendant further seeks to amend his motion to raise additional issues challenging his sentence.

On November 27, 2006, this Court issued an opinion and order granting Defendant's motion pursuant to 28 U.S.C. § 2255 and vacating his CCE conviction.

Based on that decision, Defendant filed a motion for resentencing on December 11, 2006. The Government, however, filed a motion for reconsideration with respect to the Court's November 27 decision. On February 12, 2007, the Court granted the Government's motion and set aside the order vacating the CCE conviction, thereby leaving intact the sentence imposed on May 9, 2001. Defendant's motion for resentencing therefore became moot.

Absent a ruling in Defendant's favor on his § 2255 motion, this Court lacks the authority to resentence Defendant based on the issues he now seeks to assert in an amended motion for resentencing. As this Court recently explained in rejecting motions for a reduction in sentence filed by Defendant, 18 U.S.C. § 3582(c) sets forth three limited circumstances where a district court is authorized to modify a defendant's sentence. Beyond the circumstances enumerated in the statute, the Court may not modify a term of imprisonment. *See* 18 U.S.C. § 3582(c). Furthermore, because Defendant's conviction and sentence have not been vacated, the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), do not provide a basis for reducing his sentence as these decisions are not applicable on collateral review. *See Humphress v. United States*, 398 F.3d 855 (2005). As a result, it would be futile for Defendant to amend his motion for resentencing to assert the issues he proposes in his pending motion.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion to Compel Answer to Motion for

Resentencing and to Amend Pursuant to Federal Rules of Civil Procedure 15(a) is

**DENIED**;

  **IT IS FURTHER ORDERED**, that Defendant's December 11, 2006 motion for

resentencing is **DENIED AS MOOT**.

              <u>s/PATRICK J. DUGGAN</u>
              UNITED STATES DISTRICT JUDGE

Copies to:
Karl Wingo, #15451-039
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

AUSA Wayne F. Pratt