UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Criminal Case No. 91-80936-12

v.                                Honorable Patrick J. Duggan

KARL WINGO,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER DATED JANUARY 27, 2010</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on March 22, 2010.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

       This matter presently is before the Court on Defendant Karl Wingo's motion for reconsideration of this Court's January 27, 2010 opinion and order denying his motion to compel answer to motion for resentencing and to amend pursuant to Federal Rules of Civil Procedure 15(a). Defendant filed his motion for reconsideration on February 8, 2010. This Court issued a notice on February 12, 2010, informing the parties that it would permit the Government to file a response to the motion, if it wished to do so. The Government filed a response on February 26, 2010. For the reasons that follow, the Court now denies Defendant's motion.

       Defendant seeks reconsideration pursuant to Eastern District of Michigan Local

Rule 7.1(h) (previously Rule 7.1(g)). According to this rule, a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.

Defendant raises the same issues already ruled upon by the Court in its decision on January 27, 2010, with respect to his claim that he is entitled to resentencing pursuant to the Supreme Court's decisions in *Blakely v. Washington*[1] and *United States v. Booker*.[2] With respect to the other issues raised in Defendant's motion for resentencing and motion to compel, to the extent he now contends that those issues are not new but were raised in his petition pursuant to 28 U.S.C. § 2255, it is too late for Defendant to argue that the Court failed to or erred in addressing those issues.

This Court rejected all of the claims asserted in Defendant's § 2255 motion in an opinion and order entered on November 27, 2006, with the exception of his ineffective assistance of counsel claim relating to his debriefing which resulted *initially* in this Court vacating his CCE conviction. Defendant did not file a motion for reconsideration with respect to the Court's November 27 decision, he subsequently filed an appeal which generally must be from a final judgment, and represented in his motion for a certificate of

---

[1] 542 U.S. 296, 124 S. Ct. 2531 (2004).

[2] 543 U.S. 220, 125 S. Ct. 738 (2005).

appealability that this Court had decided all of his claims. (*See* Doc. 1099 ¶ 6.) It is too late for Defendant now to assert that the Court neglected to address one of the claims asserted in his petition and he may not raise a new claim without first obtaining certification from the Sixth Circuit Court of Appeals. *See* 28 U.S.C. §§ 2244, 2255(h).

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reconsideration is **DENIED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

AUSA Wayne F. Pratt

David C. Tholen, Esq.

Karl Wingo, #15451-039
FCI Elkton
P.O. Box 10
Lisbon, OH 44432