UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL WINGO,

        Petitioner,

                                                      Case No. 04-71558

v.                                                    (Criminal Case No. 91-80936-12)

                                                      Honorable Patrick J. Duggan

UNITED STATES OF AMERICA,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM A FINAL JUDGMENT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b)(4) AND (6)**

On April 26, 2004, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. In his motion, Petitioner raised various grounds to challenge his 1992 convictions on eighteen different counts, including one count of engaging in a continuing criminal enterprise ("CCE"). In his fifth ground for relief,[1] Petitioner asserted that his trial counsel was ineffective in failing to object to the prosecutor's argument to the jury that five or more specific people could be considered for the CCE charge. On January 31, 2005, this Court issued an opinion and order denying Petitioner relief on all but one ground raised in his motion: Petitioner's assertion that he was denied the effective assistance of counsel due to his attorney's failure to attend his debriefing sessions with government agents in 1992 (i.e. "Kastigar

---

[1] In his pending motion, Petitioner indicates that this was the sixth ground asserted in his petition; however, it in fact was labeled as his fifth ground. (*See* Doc. 1001 at 35.)

issue"). On February 12, 2007, following two evidentiary hearings, the Court concluded that Petitioner also was not entitled to relief based on the Kastigar issue and denied his § 2255 motion. Petitioner appealed the Court's decisions and the Sixth Circuit granted a certificate of appealability only with respect to the Kastigar issue. On August 11, 2009, the Sixth Circuit affirmed. Presently before the Court is Petitioner's motion for relief from final judgment pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6), filed January 3, 2011.

In his motion, Petitioner contends that this Court failed to rule on the fifth ground asserted in his § 2255 petition. Petitioner argues that his trial counsel should have "object[ed] to the Government's argument to the jury on the five or more people it could consider for the continuing series, where at least seven of the people did not qualify as a matter of law." (Mot. at 3-4.)

This Court in fact did rule on this ground in its January 31, 2005 decision, when it denied all but one of the grounds asserted in Petitioner's § 2255 motion. (Doc. 1016.) As the Court stated with respect to this claim:

> In its closing argument, the government told the jury that it could consider the following individuals as the five or more people Petitioner directed, managed, or organized for the CCE: Carmen Slappey, Ezra Henry, Kim Wingo, Jimmy Howard, Tubbs, Frank Maxwell, and Andre Olden. Petitioner argues that none of these individuals could be considered as a matter of law and counsel was ineffective in not objecting to the government's statement. Petitioner contends that Carmen Slappey should not have been considered because she was acquitted of the charges against her. As to Kim Wingo, Jimmy Howard, Tubbs, and Frank Maxwell, Petitioner argues that the evidence only established that they purchased drugs from Petitioner. As the jury returned a general verdict and therefore

2

> did not specify which individuals Petitioner directed, managed, or organized, Petitioner claims there can be no assurance that the verdict did not rest on these individuals.
>
> Petitioner cannot establish that counsel was deficient in failing to object to this statement in the government's closing argument. Carmen Slappy [sic] had not yet been acquitted at the time the government presented its closing argument. Contrary to Petitioner's assertion, the evidence established more than a mere buyer/seller relationship between Petitioner and the other individuals. *See* Govt.'s Resp. at 10.

(Doc. 1016 at 18-19.) In other words, there was sufficient evidence from which the jury could find that Ezra Henry, Kim Wingo, Jimmy Howard, Tubb, and Frank Maxwell[2] did more than simply sell or buy drugs from Petitioner; there was evidence that Petitioner managed, organized, and/or supervised these individuals. Therefore, trial counsel did not render ineffective assistance by failing to object to the prosecutor's statement that these individuals could be considered to find Petitioner guilty of engaging in a continuing criminal enterprise.

Accordingly,

**IT IS ORDERED**, that Petitioner's Motion for Relief from a Final Judgment

---

[2] At trial, Slappey was acquitted of the drug charges. The jury, however, was instructed that to be counted among the five or more persons supervised by Petitioner, a person must have had an agreement or joint action to commit violations of the narcotics laws. (Vol. XXVIIIa at 25.). Thus, in acquitting Slappey, the jury necessarily did not use her as one of the "five or more" persons supervised by Petitioner.

Pursuant to Federal Rules of Civil Procedure 60(b)(4) and (6) is **DENIED**.

Dated:February 28, 2011               s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

Copies to:
Karl Wingo, #15451039
FCI ELKTON
Federal Correctional Institution
P.O. Box 10
Lisbon, OH  44432

AUSA Wayne Prat
AUSA Daniel R. Hurley
AUSA Ronald Waterstreet