UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

                                   Criminal Case No. 91-80936-12
                                   Honorable Patrick J. Duggan

KARL WINGO,

       Defendant.
_____/

**<u>OPINION AND ORDER DENYING DEFENDANT'S (1) MOTION FOR RECONSIDERATION OF COURT'S ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND (2) MOTION TO CORRECT CLERICAL MISTAKE IN JUDGMENT, COMMITMENT ORDER, AND PRESENTENCE REPORT</u>**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan on May 2, 2011.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

      This matter presently is before the Court on Defendant Karl Wingo's motion for reconsideration of this Court's decision denying his motion for relief from judgment and his motion "to correct clerical mistake in [the] judgment and commitment order and [presentence report]", filed March 14 and 17, 2011, respectively. On March 29, 2011, this Court issued a notice requesting a response from the Government to Defendant's motions. The Government filed a response on April 20, 2011. For the reasons that follow, the Court now denies Defendant's motions.

      In his motion for reconsideration, filed pursuant to Eastern District of Michigan

Local Rule 7.1(h), Defendant asks the Court to reconsider its February 28, 2011 opinion and order denying his motion for relief from judgment. (Doc. 1197.) In his motion for relief from judgment, filed January 3, 2011, Defendant argued that the Court failed to rule on one of the grounds asserted in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, specifically his claim that his trial counsel provided ineffective assistance by failing to object to the Government's argument to the jury as to the five or more people it could consider for convicting Defendant of engaging in a continuing criminal enterprise.

Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such a palpable defect. E.D. Mich. LR 7.1(h)(3). A motion that merely presents the same issues already ruled upon by the Court shall not be granted. *Id*.

Defendant raises the same arguments in his pending motion for reconsideration that he raised in his motion for relief from judgment, as well as in another motion for reconsideration he filed February 8, 2010. As the Court stated in its decision denying Defendant's motion for relief from judgment, it did rule on his claim when it denied all but one of the grounds asserted in his § 2255 motion. (Doc. 1197 at 2.) But even if the Court neglected to rule on Defendant's claim, as the Court previously stated in its March 22, 2010 decision denying his earlier motion for reconsideration, his argument that the Court failed to do so has come too late:

> This Court rejected all of the claims asserted in Defendant's § 2255 motion in an opinion and order entered on November 27, 2006, with the exception of his ineffective assistance of counsel claim relating to his debriefing. Defendant did not file a motion for reconsideration with respect to the Court's November 27 decision, he subsequently filed an appeal which generally must be from a final judgment, and represented in his motion for a certificate of appealability that this Court had decided all of his claims. (*See* Doc. 1099 ¶ 6.)  It is too late for Defendant now to assert that the Court neglected to address one of the claims asserted in his petition and he may not raise a new claim without first obtaining certification from the Sixth Circuit Court of Appeals.  *See* 28 U.S.C. §§ 2244, 2255(h).

(3/22/10 Op. and Order Denying Def.'s Mot. for Recon. at 2-3.)

Thus despite his repetitive attempts to prove otherwise, the Court concludes that Defendant fails to demonstrate a palpable defect the correction of which requires a different disposition of his case.

In his motion to correct a clerical mistake in the judgment, commitment order, and presentence report (or "PSR"), filed pursuant to Federal Rule of Criminal Procedure 36, Defendant asks the Court "to issue a[n] order directing the Probation Department to correct its clerical mistake in the PSR, thereby allowing the court to correct its clerical mistake in the statement of reason in its Judgment [and] commitment order." (Doc. 1199 at 3.)  Defendant points out that the PSR prepared by the probation department and dated July 24, 1997, states that Defendant should be held accountable for 44,000 kilograms of marijuana equivalent for purposes of sentencing and that the Government had requested a two-level enhancement for obstruction of justice.  At Defendant's original sentencing, however, the Government withdrew its request for the two-level enhancement and the Government and Defendant waived a hearing with respect to drug quantity and agreed to

3

a specific offense level of 38. Nevertheless, in the Amended Judgment entered after Defendant's resentencing on May 9, 2001, the Court stated that it "adopts the factual findings of the presentence report dated 7/24/97 except the Court grants a 2 level reduction for acceptance of responsibility based on the parties [sic] agreement." (Doc. 911.)

Defendant does not argue that this Court sentenced him in 2001 based on an offense level other than what was agreed to by the parties or that it applied a two-level enhancement for obstruction of justice. Thus even if the Court adopted the factual findings in the July 1997 presentence report and that presentence report reflected a drug quantity supporting a different offense level and the Government's request for an obstruction of justice enhancement, those findings had no impact on Defendant's sentence. In other words, the factual findings adopted by the Court that Defendant now argues are incorrect did not impact his sentence in any way.

Moreover, the oral sentence pronounced at sentencing controls over the written judgment, the latter "is merely evidence of the sentence." *United States v. Penson*, 526 F.3d 331, 334 (6th Cir. 2008) (quoting *Sasser v. United States*, 352 F.2d 796, 797 (6th Cir. 1965)). Finally, as the Government points out in its response brief, Rule 36 is permissive. The rule provides only that the court "*may* . . . correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36 (emphasis added). Defendant does not allege and this Court cannot find any harm arising from the "error" he now asks the Court to

4

correct. Thus the Court sees no reason to correct the judgment, commitment order, or presentence report.

Accordingly,

**IT IS ORDERED**, that Defendant's Motion for Reconsideration is **DENIED**;

**IT IS FURTHER ORDERED**, that Defendant's Motion to Correct Clerical Mistake in Judgment and Commitment Order and PSR Pursuant to Rule 36 of the Federal Rules of Criminal Procedure is **DENIED**.

<u>PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
AUSA Wayne F. Pratt

Karl Wingo, #15451-039
FCI Elkton
P.O. Box 10
Lisbon, OH 44432