UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                                    Criminal Case No. 91-80936-12

v.                                              Honorable Patrick J. Duggan

KARL WINGO,

      Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO CORRECT CLERICAL MISTAKE IN JUDGMENT, COMMITMENT ORDER, AND PRESENTENCE REPORT**

This matter presently is before the Court on Defendant Karl Wingo's motion for reconsideration of this Court's May 2, 2011 Opinion and Order denying his "motion to correct clerical mistake in [the] judgment, commitment order, and [presentence report]." In his motion to correct a clerical mistake, Defendant asked the Court to order the Probation Department to correct its presentence report ("PSR"), dated July 24, 1997, holding Defendant accountable for 44,000 kilograms of marijuana equivalent and reflecting the Government's request for a two-level enhancement for obstruction of justice because, at Defendant's sentencing, the Government withdrew its request for an enhancement and the Government and Defendant waived a hearing with respect to drug quantity and agreed to a specific offense level of 39. Nevertheless, in the "Statement of Reasons" section of the Amended Judgment entered after Defendant's resentencing on

May 9, 2001, the Court stated that it "adopts the factual findings of the presentence report dated 7/24/97 . . .." (Doc. 911.)

In its May 2 decision, the Court rejected Defendant's request to order the Probation Department to amend its PSR because the Court found no impact on Defendant's sentence and no harm arising from the alleged error. (Doc. 1203 at 4.) In a reply brief filed after the Court issued its decision and in his motion for reconsideration, Defendant contends that the Bureau of Prisons relies on the requested enhancement and drug quantity in determining his security classification and, therefore, he is suffering harm as a result of the alleged error. To the extent the Bureau of Prisons is relying on the Statement of Reasons in the Amended Judgment imposed on May 9, 2001, such Statement of Reasons is amended to read:

> The Court adopts the factual findings of the presentence report dated 7/24/97 except the Court grants a 2 level reduction for acceptance of responsibility based on the parties' agreement, makes no finding regarding the drug quantity for which Defendant should be held accountable in light of the parties' agreement on the applicable offense level, and indicates that no obstruction of justice enhancement was requested by the Government or imposed.

Accordingly,

**IT IS ORDERED**, that Defendant's motion for reconsideration is **GRANTED IN PART AND DENIED IN PART**.

Date: June 1, 2011                    s/PATRICK J. DUGGAN
                                      UNITED STATES DISTRICT JUDGE

2

Copies to:
AUSA Wayne F. Pratt

Karl Wingo, #15451-039
FCI Elkton
P.O. Box 10
Lisbon, OH 44432